HARRIS, J.
The issue in this case is whether the trial judge’s restrictions of voir dire denied the defendant a fair trial. Frederick was seen in a playground area at 3:40 in the morning. As the police approached, the man talking to Frederick left the area. The police requested permission to search Frederick and he consented. When the officer discovered a plastic baggie containing “rock-like substance,” Frederick twisted the officer’s hand, grabbed the baggie from the officer, pushed the officer away, and ran. Although Frederick was caught shortly thereafter, the baggie was not found. He was charged and convicted for battery on a police officer and resisting an officer without violence.
The trial from opening statements to verdict took only three hours and thirteen minutes. The judge at the outset advised the jury that he would not permit repetitive questioning and would see that the voir dire process was handled efficiently. In that regard, the court inquired of the panel members whether they were close to any police officer and whether they would" accord more credibility to a police officer than anyone else. Even though the court asked these questions generally to the panel and followed up as to those who indicated a problem might exist, appellant contends that the court’s refusal to permit him to ask questions of individual panel members about their relationship with the police and their feeling about police credibility deprived him of a fair trial.
A trial court has considerable discretion in controlling the time allotted for voir dire and in placing reasonable limits on counsel’s questioning. The issue in this regard is whether the court’s limitations somehow denied a fair trial. Because there is nothing in this record which indicates that the jury selected was not fair and impartial, we affirm.
AFFIRMED.
SAWAYA, J., concurs.
THOMPSON, C.J., concurs specially, with opinion.